PER CURIAM.
The judgment of the Board of Governors of The Florida Bar entered in this disciplinary proceeding August 12, 1960, and filed in this court August 18, 1960, with the record and evidence of all proceedings had herein, came on to be reviewed September 22, 1960.
The report of the Board of Governors finds that Herbert A. Love, the respondent, is a member of The Florida Bar, subject to the disciplinary provisions of Article XI, Integration Rule of The Florida Bar, as adopted by the Supreme Court of Florida, March 4, 1950, and as subsequently amended, 31 F.S.A.
Pursuant to complaint filed by The Florida Bar February 11, 1960, respondent was charged with unprofessional conduct in that he knowingly permitted the performance of a bigamous marriage by withholding information which it was his duty to disclose to the parties concerned. (Love was attorney for one of the parties to the marriage about which information was withheld, the said party being legally married to another party.) The complaint also charged the respondent with wrongfully failing to deliver an executed marriage license to the County Judge of Monroe County, Florida, when such license had been placed in his possession for the express purpose of recording said license with the county judge. The complaint also charged respondent with wrongfully and unlawfully destroying said marriage license. As a result of these alleged acts of *334 misconduct committed by respondent, he was charged with violation of Section 32, of Rule B, Ethics Governing Attorneys in Florida, Section (I), and the provisions of Sections 11, 23, and 27, Rules Governing the Conduct of Attorneys in Florida, Section (II), 31 F.S.A.
In response to the complaint, respondent filed his answer admitting the allegations of misconduct set out in the complaint. Together with counsel for the complainant, the respondent executed a “Stipulation as to Agreed Facts” and the same was filed with the referee. After all evidence had been adduced before the referee, he found respondent was present at the time the bigamous marriage was performed and had full opportunity to disclose to the minister officiating, as well as the principals involved, that one of the parties to the marriage was a legally married person. The referee further found that respondent had delivered to him an executed marriage license for the express purpose of having the same filed in the office of the County Judge of Monroe County, Florida, but that respondent failed to deliver same to said county judge or any other public officer of the State of Florida for recordation as required by law. The referee recommended that respondent be disbarred from the practice of law in Florida.
The Board of Governors of The Florida Bar approved the findings of the referee but declined to adopt his recommendation as to disciplinary action. Instead it directed that respondent be suspended from the practice of law for a period of one year and thereafter until such time as he can show to the Board of Governors of The Florida Bar and the Supreme Court of Florida that he has fully rehabilitated himself and is worthy to be reinstated as a member of The Florida Bar.
Pursuant to said findings, the Board óf Governors of The Florida Bar adjudged and decreed that Herbert A. Love is guilty of unprofessional conduct as charged and that he is hereby suspended from the practice of law in Florida for a period of one year and thereafter until he can show to the Board of Governors of The Florida Bar and the Supreme Court of Florida that he has rehabilitated himself pursuant to Section 5(i) of Article XI of the Integration Rule.
The record and judgment of the Board of Governors of The Florida Bar have been examined by this court. It is accordingly Ordered and Adjudged that the judgment of the Board of Governors of The Florida Bar, dated August 12, 1960, that respondent, Herbert A. Love, ,is guilty of unprofessional conduct as charged, that he be suspended from the practice of law in the State of Florida for a period of one year and thereafter until he can show that he has rehabilitated himself pursuant to Section 5(i) of Article XI of the Integration Rule, be and is hereby approved as the judgment of this court.
THOMAS, C. J., and TERRELL, ROBERTS, DREW and THORNAL, JJ., concur.